[Civ. No. 7160. Second Appellate District, Division Two.—April 14, 1930.]

FIVE–O–DRILL COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Andrews & Gillham for Petitioners.

Burr A. Brown for Respondent.

CRAIG, Acting P. J.—The petitioners herein, who are four of several defendants in a civil action pending in the Superior Court of Los Angeles County, were awarded judgment, and the plaintiffs duly served upon respective counsel for each of the defendants a notice of intention to move for a new trial. Thereafter, and on August 12, 1929, plaintiffs' counsel, whose offices were in the city of Long Beach, mailed to counsel for petitioners at their offices in the city of Los Angeles, in the same county, but not less than twenty-five miles distant, notice in writing that said motion would be heard on August 16, 1929, at 9 o'clock A. M. The motion was then submitted upon oral argument and a memorandum of points and authorities, in the absence of petitioners and their counsel, and on August 29, 1929, it was granted. During the following month petitioners moved to set aside the order granting a new trial, which was denied, whereupon the plaintiffs set the case for trial. These petitioning defendants pray a writ of prohibition restrain-

ing further proceedings as to them, alleging that the notice of hearing was insufficient and that the trial court is without jurisdiction to again try the issues as to themselves.

The question presented is governed by rule XIX, subdivision 4 (204 Cal., p. lxxvii), and sections 1005 and 1013 of the Code of Civil Procedure, which prior to the amendments of the codes and on the date of mailing provided as follows:

" . . . Upon the filing of the notice of intention to move for a new trial, the clerk forthwith shall call the same to the attention of the judge who presided at the trial of the action or proceeding, or the presiding judge, as the case may be, and such judge thereupon shall designate the time at which a hearing will be had on said proposed motion. *Five (5) days notice by mail shall be given* thereof by the clerk to the respective parties. . . . "

"When a written notice of a motion is necessary, it must be given, if the court is held in the county in which at least one of the attorneys of the party notified has his office, *five days before the time appointed* for the hearing; otherwise, ten days. When the notice is served by mail, the number of days before the hearing must be *increased one day for every twenty-five miles of distance* between the place of deposit and the place of service; . . . "

"In case of service by mail, the notice or other paper must be deposited in the post-office, in a sealed envelope. . . . The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done *is extended one day for every twenty-five miles distance* between the place of deposit and the place of address; such extension, however, not to exceed thirty days in all."

It is to be observed that the five days' notice of hearing upon a motion for new trial *must* be given *before* the time appointed, as specified by section 1005 of the Code of Civil Procedure, and that said section and section 1013 of the same code require an additional day for every twenty-five miles distance in such cases.

It is argued on behalf of the respondent that it is "self-evident" that the rule is directory only in providing that

the clerk perform this function, and that it was adopted to conform with newly enacted amendments to the codes soon becoming effective and containing a similar provision. Since the petitioners make no issue as to the mode of service, and in either event at least six days' notice by mail was upon the admitted facts indispensable, the point becomes immaterial. It is further insisted that since section 1005 of the Code of Civil Procedure also provides that in the event of greater distances the time may be increased "not to exceed in all thirty days; but in all cases the court, or a judge thereof, may prescribe a shorter time," the notice as given was sufficient. However, it is not even intimated that the court did shorten the time, and the plain mandates are obviously controlling.

Counsel for the respondent also contend that petitioners had notice of the hearing other than that which was mailed for the reason that they had received a notice of intention to move for a new trial, and that on the date of the hearing, August 16, 1929, they were furnished a copy of respondent's points and authorities. But the provisions above quoted do not afford an arbitrary or alternative method, nor is our attention directed to any other provision of the law which sanctions a substitution therefor. It follows that the petitioners were not given the legal period of time within which to prepare and present any opposition which they might have had to the motion for a new trial.

The petition for a writ of prohibition is granted, as prayed.

Thompson (Ira F.), J., concurred.

Works, P. J., being absent, did not participate.